UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:15-cr-00057-JDL |
| | ) | |
| | ) | |
| MARIE ANGEL MICHAUD, | ) | |
|     Defendant | ) | |

*RECOMMENDED DECISION ON MOTION FOR RELEASE*

Defendant, Marie Angel Michaud, now serving a 6-month sentence following revocation of her probation, has filed a handwritten motion to terminate her sentence and for immediate release. ECF No. 59 ("Motion"). Because defendant is incarcerated, her motion might be construed as a motion for habeas relief pursuant to 28 U.S.C. § 2255. Alternatively, her motion might be construed as a motion to reduce her sentence, pursuant to Fed. R. Crim. P. 35. After review, I recommend the court dismiss it, without characterizing it as either a motion pursuant to section 2255 or a motion pursuant to Rule 35 and without requiring the government to respond.

**I. Discussion**

Under 28 U.S.C. § 2255, a person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

If defendant's motion were construed as a motion brought pursuant to section 2255, the burden would be on her to establish by a preponderance of the evidence that she is entitled to section 2255 relief. *See David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). Additionally, if the motion were construed as a section 2255 motion, defendant would be entitled to the notice required under *Castro v. United States*, 540 U.S. 375 (2003).[1]

If the motion were construed under Fed. R. Crim. P. 35, that rule provides: "Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."

Here, defendant asserts she has learned to avoid trouble, and she urges the court to release her so that she can join her family over the holidays. Motion at 2. While the defendant's desire

---

[1] In *Castro v. United States*, 540 U.S. 375, 377 (2003), the Supreme Court wrote:

> Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a *pro se* federal prisoner has labeled differently. Such recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a "second or successive" (but not upon a first) federal habeas motion. § 2255, ¶ 8. In light of these consequences, we hold that the court cannot so recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. Where these things are not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.

When *Castro* was decided, what is now codified at 28 U.S.C. § 2255(h) was codified at section 2255(8). The restrictions on second or successive motions thus now appear in section 2255(h) and in 28 U.S.C. § 2244, which is referenced in section 2255(h).

to return to her family is certainly understandable, she has cited no facts or legal authority that would entitled her to relief, regardless of whether she intended to file the motion pursuant to section 2255 or Rule 35. Accordingly, I recommend that the court dismiss defendant's motion, without characterizing it as either a section 2255 motion or a motion pursuant to Rule 35.[2]

## II. Conclusion

Based on the foregoing analysis, I recommend that the court dismiss defendant's motion.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 16th day of December, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[2] Because defendant's motion does not cite 28 U.S.C. § 2255, and because the motion could be interpreted as a misguided request for relief under Rule 35, as opposed to a request for relief under section 2255, the recommendation is that the court not construe the motion as a request for habeas relief under section 2255, in order to avoid the possibility that defendant would be subject to the requirements that apply to second or successive motions, pursuant to section 2255(h), should she choose to file a section 2255 motion in the future. Furthermore, provided that the motion is not construed as a section 2255 motion, the notice that would be required under *Castro*, 540 U.S. at 377, if the motion were so construed, is not required.