UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARY ANGEL MICHAUD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 2:15-cr-00057-JDL-1 |
| ) | 2:16-cv-00637-JDL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

**<u>RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION</u>**

In this action, Petitioner Marie Angel Michaud moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct her sentence. (Motion, ECF No. 64.) On September 30, 2016, the Court revoked Petitioner's probation upon Petitioner's admission that she engaged in certain unlawful conduct that was the subject of pending state charges, and sentenced her to six months in prison, to be followed by 24 months of supervised release. (Minute Entry, ECF No. 55; Revocation Judgment, ECF No. 56.)

In support of her section 2255 motion, Petitioner contends that her counsel provided ineffective assistance at sentencing because counsel advised that if she admitted to the conduct that is the subject of the state charges, he would request a disposition that did not include incarceration. Petitioner maintains her counsel did not argue as he advised. Petitioner also contends she is factually innocent of the state charge because the State did not pursue the charge against her, but instead proceeded against her husband. (Motion at

4 – 5.) In response to Petitioner's section 2255 motion, the Government moved for summary dismissal. (Response, ECF No. 73.)

Following a review of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Following a plea of guilty, Petitioner was convicted of Social Security Fraud, and the Court sentenced her to a three-year term of probation on September 30, 2015. (Judgment, ECF No. 16.)  The terms of probation required that she not commit another federal, state, or local crime.  (*Id.*)

On June 22, 2016, the Office of Probation petitioned the Court to revoke Petitioner's probation, citing state misdemeanor criminal charges filed against Petitioner. (Petition for Warrant or Summons for Offender under Supervision, ECF No. 36.)  The revocation petition summarized the bases of the state charges as follows:

> On March 16, 2016, the defendant commenced employment at the Big Apple in Mexico, ME.
>
> On May 31, 2016, MPD Chief Roy Hodsdon contacted this officer to report he suspected the defendant was involved in a recent theft.  He advised a debit card went missing from the Big Apple in Mexico, ME, and was then used in various stores throughout town by a man who appeared to be the defendant's husband.  He sent several surveillance photos to this officer, who confirmed the photos appeared to be of the defendant's husband.  Later that day, Chief Hodsdon contacted this officer to report he interviewed the defendant, who admitted to involvement in the conduct and was being charged with three misdemeanor offenses: Theft by Unauthorized Taking or Transfer, Misuse of Identification, and Receiving Stolen Property.

>Chief Hodsdon sent this officer a copy of his report as well as body camera footage of an interview with the defendant. This officer reviewed those materials and it is alleged that on May 10, 2016, Cynthia Mowatt misplaced her debit card while at the Big Apple store in Mexico, ME. Another customer located the card and provided it to the defendant, a store employee. It is alleged that the defendant provided the card to her husband, who then used the card to purchase items at Hannaford, Advanced Auto, Walmart, VIP, and Big Apple. Those purchases totaled $360.00.

At the revocation hearing, through direct questioning by the Court, Petitioner informed the Court that she wished to admit the underlying conduct and waive her right to an evidentiary hearing. As part of her admission, Petitioner informed the Court that she had reviewed the revocation charge and revocation report, understood both, discussed them with her lawyer, wanted to admit the alleged conduct, and did not disagree with any of the report's factual content. (Rev. Tr. at 3 – 6.)

Petitioner's attorney argued for the Court to continue probation, without a term of incarceration, and maintained that Petitioner would benefit if reintroduced to the SWiTCH program. (*Id.* at 7 – 11.) Petitioner addressed the Court as well, and made a similar request. (*Id.* at 12.) The Court imposed a six-month term of incarceration.

## II.  DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is

otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). "Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing is not necessary and dismissal is appropriate 'when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127 – 28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). However, "federal courts have the authority to consider procedural

default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167 – 68).

An allegation of ineffective assistance of counsel can excuse a procedural default, but only if the petitioner demonstrates both that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the petitioner's defense. *Turner v. United States*, 699 F.3d 578, 584 (1st Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)); *Owens v. United States*, 483 F.3d 48, 63 (1st Cir. 2007). A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the test because a failure to meet either prong will undermine the claim. *Strickland*, 466 U.S. at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002).

### B. Claims and Analysis

#### 1. Ineffective assistance of counsel

According to Petitioner, her counsel misled her when he said that if she admitted to the conduct alleged in underlying state charges, he would ask the Court to continue her probation and reintroduce her to the SWiTCH program. (Motion at 4.)

Petitioner's claim is unsupported by the record. The charge and the revocation report, both of which Petitioner testified she understood, made clear Petitioner could be

ordered to serve additional time in jail. In addition, Petitioner's counsel in fact argued that Petitioner should not be incarcerated. Because Petitioner's claim of ineffective assistance is conclusively refuted by the record, dismissal of the claim is appropriate.

### 2. Actual innocence

Petitioner maintains that she is "factually innocent" of the probation violation because the State dismissed the charges against her. (Motion at 5.) In support of her assertion of innocence, Petitioner has filed confirmation of the dismissal of the state charges. The state court dismissal reflects that the charges were dismissed because Petitioner's husband pleaded guilty to related charges against him and paid restitution in full. (ECF No. 62-1.)

Preliminarily, "actual innocence" is ordinarily raised to overcome a procedural default, including default resulting from ineffective assistance of counsel. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To the extent Petitioner's actual innocence argument is construed as an ineffective assistance claim to overcome the default resulting from her admission, the record lacks any evidence that would support an argument that Petitioner's counsel was deficient in connection with Petitioner's admission. Even if the claim was not procedurally defaulted, the record contains no evidence to suggest Petitioner's admission was "the product of such factors as misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Blackledge v. Allison*, 431 U.S. 63, 75 (1977).

"To establish actual innocence, [P]etitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [her]."

6

*Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). Petitioner admitted she engaged in the alleged conduct, which conduct was clearly criminal. *See* 17-A M.R.S. § 353 (theft by unauthorized taking or transfer). Petitioner's admission that she engaged in the conduct directly refutes her claim of innocence.

Finally, "[f]or non-constitutional, non-jurisdictional claims raised in a section 2255 petition, the Supreme Court has stated that the appropriate inquiry is whether the claimed error of law is a fundamental defect which inherently results in a complete miscarriage of justice, and whether it presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Damon v. United States*, 732 F.3d 1, 3 (1st Cir. 2013) (internal brackets and quotation marks omitted) (citing *Davis v. United States,* 417 U.S. 333, 346 (1974)). The mere dismissal of related state charges does not render the revocation of Petitioner's probation a complete miscarriage of justice, nor does it constitute an "exceptional circumstance" that requires relief. Prosecutors move to dismiss criminal charges for a variety of reasons. This Court is not bound by the discretionary decision of the state court prosecutor to dismiss the state court charges. Petitioner's actual innocence claim thus fails on the merits.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing

Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of March, 2017.